## CIRCUIT COURT OF SHENANDOAH COUNTY

Commonwealth of Virginia

v.

Eric Douglas Simmons

July 12, 1982

Case No. 1308

By JUDGE HENRY H. WHITING

The Court in this case is required to rule on a motion to set aside a verdict finding the defendant guilty of the possession of burglar's tools in violation of Virginia Code § 18.2-94. The articles asserted to be such tools were a gasoline can and a length of garden hose having no metal connection on either end.

Are such tools within the definition of the statute?

While an argument could be made that the first sentence of the statute in describing "any tools, implements, or outfit, with intent to commit burglary, robbery or larceny" is sufficiently broad to include "larcenous tools," the succeeding paragraph and the Virginia cases clearly limit such tools to *burglarous* tools. Any doubt in the construction of the statute is laid to rest by a review of the exhaustive annotation on the subject at 33 A.L.R.3d beginning at page 798 and ending on page 918.[1] In not one of the numerous cases cited is there any case holding that "larcenous tools" qualify under the statute. Clearly no one could break into a building

---

[1] Carter v. Commonwealth, 223 Va. 528 (1982), is of no help to the Commonwealth, being clearly distinguishable. We quote from the opinion: "Officer Bradley, an experienced burglary investigator, characterized the screwdriver as one 'you would use for prying up a window or a door after you got the door partially opened'." Id., at 462. We have nothing in the evidence in this case about the usefulness of a hose and gas can for burglaries--only argument.

with a gas can and garden hose, and clearly they could not be considered as burglarous tools.

While dynamite and a pistol might be considered as burglarous tools and have been held in a few of the cases cited, there are more cases declining to hold either dynamite or revolvers as burglarous tools. Virtually all of the cases describe "jimmies, keys, drills, chisels or lock picks" or the like as the tools necessary to meet the statutory definition.

Therefore, the Court must sustain the motion to set aside the verdict, the evidence being insufficient to establish the crime charged.